In our final case of the day, number 23-2031, we got Smith-Phifer versus the City of Charlotte. Mr. Sumi, good to have you with us. Good morning, Your Honor. It's actually Mr. Sumi. I always tell folks you don't want a lawyer named Sumi, so I have a better appreciation. May it please the Court, I'm Torrey Sumi and I represent... Sumi, and I apologize. No trouble, Your Honor. I've gotten it enough where it does not bother me. But as I said, I'm here on behalf of the City of Charlotte, the appellant in this case. I have with me my colleague Jeremy Locklear, who assisted on the briefs, and Senior Assistant City Attorney Mindy Sanchez, who are seated at the Council table. The question presented to the Court today is whether the District Court correctly ordered that the plaintiffs are entitled to windfall pension benefits as a result of their supposed settlements with the City of Charlotte. The answer to that question is no. And here the District Court made two primary errors, either of which require that this case be remanded. First, and most directly, the District Court decided to summarily enforce the supposed settlement agreements in this case without the benefit of an evidentiary hearing. And an evidentiary hearing was required under controlling precedent because there were disputes between the parties as to the existence of a settlement agreement and the key terms of those settlement agreements. Secondly, the District Court also erred in finding that there was a promise by the City to pay any amount of a settlement as a pension-eligible wage. To the contrary, on the record before the Court, there was no evidence that the parties discussed or intended that any amount of these two settlements would be paid as pension-eligible wages. What entity pays the firefighters' pensions? It is a distinct entity called the Charlotte Firefighters Employee Retirement System, and it is its own entity established by statute. And it's funded and managed separately from the City of Charlotte? Correct. It's funded by dual contributions from payroll, so the employees contribute 12.65% of payroll. The City of Charlotte, my client here, also contributes 12.65%. Because the challenge I'm having is understanding how a contract between the City of Charlotte or an agreement, even if one's reached, between the City of Charlotte and a given firefighter, how it could determine what a third party does, which is governed not by any settlement agreement, but by an Act. And so I get the Act, and we could have an interesting discussion about what the Act requires here, but that would require a suit under the Act, not a suit for breach of contract. So I'm having a little hard time understanding what we could possibly do here. Because they're asking that we interpret the Act as requiring certain things, but we don't have a case before us that is seeking enforcement of the Act. And I agree, Your Honor. If Judge Conrad's order is affirmed, I believe there could be a ripeness issue, because then the plaintiffs would have to go and apply for the benefits, and depending on how the system calculates it, they could decide it's wrong and try to challenge it on that point. We don't think that's before, Your Honors. Instead, it's the contractual issue of whether there was a promise between the parties to pay these funds in a way that would make... My problem with this is that you all came to court and advised the judge, both sides, that the trial was settled in one of the cases, the first case. There was a trial going on, and it had gone on for a week. And the parties represented to the court, we have settled. And based on that, and whatever else was said, and I've got Judge Conrad's opinion here, you informed the court that they had reached a settlement. After acknowledging the significant time and energy the jury spent on the trial and based entirely on the parties' representation to the court that they had a settlement agreement, the court dismissed the jury and discontinued the trial. Now, the lawyers told the court it's settled. I was a lawyer for a long time, and I've been a judge for a long time, and I always thought if that happened, the case is settled. Courts can rely on what lawyers tell them when they tell them that the case is settled. Both sides. It's over with, where the cause of the court is concerned. You may have a dismissal order, but the case is settled. And out here, you're saying, well, it wasn't settled. They had to have an interdisciplinary hearing to settle it. But that's not what the judge's opinion said. I know that's one of the two cases. The other one is very similar, but there wasn't a trial going on. They'd gotten a severance or something. How do you get past that point on the settlement? And in the first case you're on here, I believe you're talking about Plaintiff Smith-Pfeiffer, and you're correct. That case was settled a week into trial. The jury had been impaneled and was hearing evidence. And in that case, the parties came before the court in open court and said that the case had been settled. They actually then signed a full agreement, an agreement that's, I think, 14 pages long and has everybody's signatures on it. But this thing doesn't talk about any settlement, about any agreements being signed. It says you all told the court it was settled. That means it's settled. If lawyers tell the court, you can't lie to the judge. Sure, and I don't believe, Your Honor, that the terms of the settlement were read into the record or that there was an agreement. Well, you wouldn't have to read them into the record. I don't think if you and the other lawyers say we settled the case and the judge acts on it, you've got responsibility to do whatever you need to do, but the judge is out of it. And I believe the parties did that here, Your Honor, by consummating and signing a document that was a final settlement agreement. What happened is that there was a settlement agreement. It's a settlement agreement. You put the word finalist in there. Again, a settlement agreement is a settlement agreement. With respect to Smith-Bipher, there was a general release and settlement agreement that was signed. I believe that same very day. But I'm not talking about a settlement agreement. I'm talking about the judge, Conrad, says he was informed they were settled. You settled. Yes, Your Honor. And that means it's settled. And the city didn't believe that they were. Now you're talking about what the conditions were. According to that, he didn't tell him any conditions. Well, I believe the city's position is that the case was And then he says again on JA-431, he says the city and each plaintiff reached complete settlement. Represented to the court in open court. And in written filings, they had reached a complete settlement. And what happened, Your Honor, is that Now we're up here arguing about whether you've reached a complete settlement. Did you all misrepresent to the court? I do not believe so, Your Honor. And the reason being the city Well, then you had to. I don't know how you get past that point if you're up here saying we haven't settled. Or he's clearly wrong in what he writes in this opinion. I believe I understand Your Honor's question. And the reason that the settlement was not fully consummated And the whole reason this case is before your court for Plaintiff Smith-Pfeiffer Is because she rejected a check for something over $73,000 that the city attempted to tender to her. And she said, I want you to send it to me in a way that says it's pension-eligible wages. But to be clear, you agree. Smith-Pfeiffer was in the middle of trial. You represented the case was settled. And you agree that case is settled. You're not debating that Smith-Pfeiffer's case is settled. That case is settled. It is settled. And the debate is the terms of how the payment should have been issued. Totally get. We might have a dispute about the terms. But there's nobody questions, best I can tell, that Smith-Pfeiffer, during the middle of trial, You told the court that it was settled. You signed the documents. It is settled. We might dispute the terms, but that's true in lots of settlements. There's no question that case is settled. I agree with Your Honor with one caveat. If the term of pension eligibility were so material that there was no meeting of the minds, Then that settlement agreement... You didn't put any conditions on it. Any conditions on the Smith-Pfeiffer settlement? There's no conditions on the settlement. When you told the judge according to this, What's before us, You told the judge we settled. Understood, Your Honor. And so I... I understand that argument. The second... But that's... I'll take your caveat. I'm not sure that really is right. But put that aside for just a minute. The only case that there's a real question about whether there was a settlement was the Patterson case. I agree, Your Honor. Right? And that wasn't in the middle of trial. But you did tell the court that an agreement had been reached. And that... And you believed that to be true at the time. Correct, Your Honor. Turns out maybe there wasn't a meeting of the minds, And that's what the debate is about. Correct, Your Honor. But they're separate sets of questions. Yes. And two separate situations that have different underlying facts here. With respect to Patterson, There was a status report to the court in writing, And that said we've reached terms of settlement And are concluding a final settlement agreement to be executed. So we contend... But you said a complete... We've reached a settlement. Correct. Why do you say that if you hadn't reached the settlement? So the point was the parties had been with the mediator. They had come upon terms of settlement. But it was always subject to a final settlement agreement. And here, Your Honor, I'm focusing on Plaintiff Patterson. I acknowledge that the status report to the court for Plaintiff Smith-Pfeiffer was different. The language used was different there. Now, with respect to... It was unambiguous because you're in the middle of the trial. And if the judge is going to release the jury, Having done all this work, We don't want to have uncertainty about whether this is actually going to be resolved. Correct. But in the Patterson case, We're not in the middle of trial. There's no jury. And the status report says, We've reached an agreement, but we need to execute it. That's correct. In the Patterson case, It was a mediation held the week before the trial. It was actually the night before. You said we've agreed to settlement terms. We have agreed to settlement terms And are preparing a final settlement agreement to be fully executed. That is correct, Your Honor. The second clause after the and is a condition? Qualification? It's a material term of the final settlement. It's a qualification. Correct, Your Honor. And so you had not, the first part, That undermines the first part, That you had agreed to settlement terms. Agreed to settlement terms, I would agree that it's over with. Well, as you know, Your Honor, It's fairly typical in civil cases like this To have a final written agreement. And that's what the parties conveyed to Judge Conrad. And in fact, if you look at the email correspondence That he found constitutes the complete settlement, Trial counsel repeatedly said, I will draft a settlement agreement to be approved by the city. She told the plaintiffs at this point That she needed approval of this final settlement agreement Before the agreement could be consummated. So she didn't have authority from the city To settle the case, Yet in the middle of trial told the court, It's settled, let's go home today. So I'm actually speaking about Plaintiff Patterson, So that was the week before trial. Okay. And I realize these two issues are very easy to conflate. Okay, then, so in Patterson's case, then, The city's lawyer went to a mediation without authority, The mediator reports there was a settlement, But then there really wasn't a settlement Because she didn't have authority to participate fully In the settlement negotiations before the mediator. I'm confused. Yeah, and to be clear, I'm not contending that trial counsel acted without authority. What I'm contending is the language that she used In responding to the mediator's email Stated that she was waiting for the city To approve a final settlement agreement. So it's saying there is a condition To finalize. She had authority to agree to the basic terms, But the memorialization required the city, This is a lot of money, Required the city's final approval, But she apparently had some authority To agree to the basic terms, But the basic terms are not all the terms. And that's ultimately why we're here, right? I mean, this is the fight. That's correct, and in the email correspondence, It says, I'm going to put these terms Into a final settlement agreement. Obviously, the release language was going to be critical In this sort of a case, And so that needed to be finalized And put in an agreement. It was, and just I think seven days later, An agreement was presented to Mr. Patterson. He rejected it and decided not to sign that agreement. But we contend that that, And I've cited the Chapel v. Roth case A number of times in our brief, That was always a condition of the final settlement With Patterson was that final agreement. And we think trial counsel appropriately said, I have to prepare an agreement, And I have to get it approved by my client, by the city, Because that's what everybody intended here, Was a final signed agreement. In fact, that's actually what had happened In the Smith-Pfeiffer case just a few days earlier, That they had signed that 14-page agreement. Everyone's signatures actually ended up on it. Now, what ultimately breaks down here Is that the parties dispute whether it's pension eligible. And in both cases, The court ultimately went with an implication argument That was made by the plaintiff's counsel That we contend overly simplifies the issue. When, in fact, neither of these agreements Included any language about pension implications. Indeed, neither agreement even included the word wages in it. Instead, the court looked only at an issue Around the tax treatment of those payments to say, Well, I believe that the city intended to pay these amounts As a pension eligible wage. Is it your understanding that parties That attempt to settle an agreement And resolve the tax treatment in that agreement, The IRS isn't bound by that resolution, right? So the parties can say these are wages or not wages. They can say they're pain and suffering Or punitive damages or whatever they want to say. The IRS isn't bound by that. It might consider it, But the IRS makes its own determination Based on the code as to what are wages Or what are pain and suffering Or what is taxed at what rates, right? I see my time is up if I may just answer your question. You can go ahead. As long as you get questions, you go right ahead. Thank you, Your Honor. I agree. Parties regularly talk about how they want Settlement payments to be treated for tax purposes, But they ultimately don't make the conclusion. That's up to the IRS at the end of the day. And that raises the ripeness issue That Your Honor potentially started with, Which is if this order is affirmed And the city is told to pay the amount of money In a certain way, it's up to the pension system To actually make the calculation And determine the final benefits here. Thank you. Thank you very much, sir. Mr. Henson? May it please the Court, As the Court knows, I'm new to this case. I'm standing in for Ms. Maloney Who actually was the trial counsel. She's had some health issues. And I appreciate the opportunity to be here To represent the clients. Judge King, I listened carefully To what was said in the previous case, And I'm here to defend Judge Conrad And his order. So I'm speaking for him. We've got somebody taking up for the judge. Yes, sir. I'm taking up for the judge. And what I would say is that it's clear, And as I understand the standard of review here, There has to be an abuse of discretion by Judge Conrad Finding that there was a settlement, And clear error in his delineation Of what the settlement meant. And he considered all that And entered a very well-reasoned opinion, Taking into consideration a good bit of briefing That was briefing by both sides. There was a motion to enforce the settlement When the city balked. Both sides had a chance to submit Whatever they wanted to submit. And a good bit of time passed, And there was no request for an evidentiary hearing, Which we're told now that Judge Conrad Summarily decided that there had been a settlement. Well, he didn't summarily decide it. He considered extensive briefing And extensive supporting materials. And months passed where nobody asked for an evidentiary hearing. So we think that's a red herring. But that issue of requesting an evidentiary hearing Was not preserved? It was not preserved below either. But it's been raised here. So I think it's one that you ought to easily dispense with. So your argument is They didn't request an evidentiary hearing, And so that's why Because we have binding case law that says that it's required. Except for a minute, hypothetically, That we have binding case law that requires it. Your argument is they didn't request an evidentiary hearing? Well, one was not necessary, And they didn't request it. I'm asking the specific question. Did they request? I think an evidentiary hearing is only required When there are evidentiary determinations to be made. Okay, but my question is, You said it's waived. What I'm asking you is, Did they request an evidentiary hearing? I don't believe it's in the record that they did. And as far as the settlement conference, I raised the issue of whether or not This was a mediated settlement conference. There had been a mediated settlement conference As ordered by the court. And just to be clear here, There were two different matters, As the court seems to recognize. The first one, as Judge King pointed out, Was there was a trial. There had been a trial going on for four or five days. And the parties made a resolution to that. And they reduced it to writing and signed it. So there's a written agreement there. These two cases had been separated Because Chief Patterson had health issues When the case came on for trial. And so the judge took the first case And started that trial. And then when it got resolved, He called a second case. And that was to start right after Thanksgiving. And the parties themselves got a mediator back involved. It happened to be the same mediator Who had earlier impassed the matter. But it was not a court-ordered mediation at that point. It was a mediation between the parties. And at the conclusion of that mediation, There was an agreement. The mediator sent out an email and said, I understand we've settled this case. And here are the terms. And he laid it out. And asked the parties to respond With their confirmation of that. And they both responded saying that the matter was settled. Whereupon the court was informed in writing That the matter was settled. And so he was planning to try the case. Judge Conrad was planning to try the case And had a jury called. And he dismissed the jury And accepted the representation of the parties That there had been a settlement. And so the dispute arose To the extent there is a dispute About how these monies that are being paid Got allocated. How they got designated. And the courts I'm sure read in the joint appendix The opinion of the court, the trial court. And his conclusion was that based on what was represented Counsel, can I go back to where we were talking about? You represented that they didn't ask for one. And I'm at JA 285. And it seems to me the defendants there said A court may not summarily enforce the settlement agreement. It must instead conduct a plenary hearing And make findings on the issues in dispute. That's the Hensley case that they're citing. That certainly seems like They're pointing to the very precedent that requires it. And they're saying that you have to do it. You might be right or wrong about what Hensley says. But do you stand by the argument that they didn't request it? Well, if I'm wrong about that, I'm wrong about that. I apologize. I would say if they did request it in a paper They didn't follow up by asking the judge to schedule it. They didn't submit any proposal about And the other thing they could have done Is they could have submitted affidavits. They could have submitted further support. Can I ask a different question? On page 15 of your brief You say that the pension eligibility here Is decided by the act? Yes, sir. And that sort of is a repeated refrain throughout your briefing? Yes. But you haven't sued under the act. You haven't brought a suit against the Firefighter's pension entity. You've not suggested that the pension entity Has violated the act. I'm a little confused as to how we would decide That a different entity Would violate the act Based on a settlement agreement that doesn't talk about pensions. And I'm really focused on the Smith-Pfeiffer case here. It doesn't mention pensions. We all agree that whether it's pension eligible Is a question that's determined by the act As you acknowledge. And so there might well be a suit That the act requires this, that, or the other. I don't actually know. But I don't understand how in a breach of an agreement case We can resolve the meaning of the act With respect to a separate entity That's not a party and not represented here And not pertinent for the agreement. Well, the question First of all, we're just asking you to affirm Judge Conrad's ruling. Secondly, the issue that came up was how I understand that, but that sort of begs the question, right? In a sense, it begs the question. But the agreement was To pay a certain amount of this money In what was called wages. And so the judge ruled that by calling it wages And deducting it consistent with the W-2 That money should have been deducted from this payment These payments at issue, these wage payments And paid into the pension plan And matched by the city So that the annual payment for these people But that's solely determined by the act. That's not, I mean, you have to acknowledge That Smith Pfeiffer, at least Patterson's a little harder, right? But in the Smith case There's nothing in the agreement that talks about it. The only question, and Judge Conrad addresses this And you do too, is what the act requires. But when we're trying to determine what the act requires That's no longer a motion to enforce a settlement agreement. That's a question about what this other entity The firefighter's retirement system does. But they're governed by an act. And you might well, this comes up often in the ERISA context. There's a severance, there's a question about Whether it goes in or doesn't go into the pension And you could bring, if there's a federal case You'd bring an ERISA action to determine that. But that's against the retirement system. And you could bring a suit Against the retirement system here If your client wasn't paid the pension That you thought you deserved. And you might succeed or you might fail, I don't know. But that's how you would challenge Whether the retirement system has paid the right pension. I don't understand how in this case We ought to be resolving what the act requires As opposed to what did the agreement require And that required cutting these checks. I don't think we're asking you to do that. We're asking you to affirm the decision by Judge Conrad. And if you affirm the decision by Judge Conrad Judge Conrad has said This money needs to be paid into the system And under the act they get the credit And it changes their pension. And I have to point out that the city's council Wrote an email on November 30th After this meeting with the mediator And she wrote the opposing lawyers And in it she said additionally Because the city will pay him $79,000 in wages As part of this settlement His retirement benefit will increase Beyond what the front-loaded sick leave provides. Going from about $7,100 per month To nearly $9,300 per month This is at JA-148. This is the city's council. That might be true, it might not be true But that's a question about what the act requires. She might be interpreting the act That might be her read of the act She might be right. Listen, Judge Conrad might exactly be right In fact I have some belief that he might be. But it's not this action, right? This isn't an action to enforce the act. Right? Because what you're suggesting is the act Required certain things by the committee To do certain things. The retirement committee to do certain things. Well these cases that are relied upon by the city From the 7th Circuit In those cases people resolve their case And then later they had a litigation About the pension situation. They sued under ERISA. That's right. And ERISA is the equivalent of the act here. And in those cases the circuit said Well you've already signed a release Your underlying settlement you've released And so we're going to enforce the release. That's what those cases are about, enforcing releases. And in this situation the clients here say I'm not signing a release Where you're going to contend that And you're not going to pay this money Into the pension plan like you should. I'm not setting myself up for My release being pled as a bar Against me enforcing my rights here. So we would be in a catch-22 If they settled this If they agreed to the city's characterization That's contrary to what Judge Conrad found. They don't have to agree to it They just have to sue in the right place Is my concern. You can't seek enforcement of an agreement And then write a brief that says The act demands this. Because that's a question about the act Not the agreement. That's the rub I'm having. I'm interested in why you think we can Define and enforce rights under the act Against the city of Charlotte When that's not the party that is bound by the act. I think you can simply uphold the findings of Judge Conrad Who had this case before him And considered it and entered the order he entered We're just asking you to affirm that order. We don't have any other litigation pending right now. And we technically haven't had a denial by the city Of this pension amount Although You have not had the system deny your pension. We don't know what the retirement system Is going to say or do. It's my understanding that Chief Smith Pfeiffer has retired. And unfortunately I'm not in a position to answer the question Of what kind of retirement they're paying her. But she has retired. It would be a really interesting question If we were trying to figure out Whether the act was being violated Would be to know What the retirement system Had decided to do. Well, that issue is not before us at this point. The issue before us at this point It seems to me Is whether or not to affirm Judge Conrad And as Judge King says These parties announced that this case was fully settled. And in reliance upon that In the first instance involving Smith Pfeiffer  And spent a good bit of time And discharged the jury Based upon the representation That the case was fully settled. And then in the second instance He called off a jury trial Upon the representation That the case was fully settled. And he's entered a well-reasoned order Based upon I think Findings that he could make from the record. And he's supported it with a good analysis And it would seem to me That this court ought to uphold What he's had to say. Do you believe That the retirement system here The firefighter's retirement system Is bound by Judge Conrad's order? I think they will be. And how is that? Because they're not a party. Well, they merely I mean, the city It's very interesting That the calculation of the amount of money That would be due Was performed by somebody in the city HR department. And so the city The city is actually The administrator of the plan. But our HR department Will, like, do calculations for us On our judicial retirement. That didn't mean my HR department Is, like, paying my retirement. It's a different pot. So the fact that HR assists people In planning with retirement Doesn't answer the question Of why this separate stand-alone entity The firefighter's retirement system Whatever the name of it is Right? Why that would be bound by An order where it was not a party. Respectfully, your honor I would say that that's a question That's not before the court. That at this point I understand it's not before the court But that's what I'm asking Because what you've asked the court to do below Is to determine what the Firefighter's retirement system must do. And that's what Judge Conrad ordered. And that seems like an odd thing to do When the firefighter's retirement system Is not a party to the case. I mean, I agree that At least Smith-Pfeiffer, the case is settled And there might be a dispute about pension But it's not about the settlement agreement. I think his order doesn't tell The firefighter's retirement people What they've got to do. It says that Smith-Pfeiffer's motion For enforcement of the settlement agreement Is granted. Patterson's is granted. And the city of Charlotte shall comply With the terms of the settlement agreements That's set forth herein Within 60 days of the order. And I think what he's requiring them to do Is to do what they agreed to do Which was to pay this through W-2 And to make these deductions And to pay this money Part of this money Into the pension plan. These litigants have an obligation To make a contribution into the pension plan And the city's required to match it. And so he's saying do that. And that obligation comes from where? What requires a certain percentage To be paid into the firefighter's retirement system? Well, that's their W-2 deductions. That's their... No, the W-2 deductions are federal tax deductions. Well, I understand, but... The deduction, it comes from the act. Your W-2 forms often have What your pension contributions on there That are deductible pension contributions. Those things appear on W-2s. And they're required by the act, right? In this instance, They're not required by anything other than the act. I mean, you say it in your brief. It's not a hard question. The act says what the act says And I'm sorry, I'm fumbling around looking for it. But it defines a contribution. And it defines it as W-2 wages, Wages deducted. And for purposes of... Compensation for work performed. Yes, sir. And not just work performed, But it's a more comprehensive definition. I'm sorry, I'm having trouble finding it right now. I had it out here a minute ago. Here it is. Compensation means The remuneration reportable on form W-2 Earned by a member For services employed As an employee of the Charlotte Fire Department Prior to any reductions in sites and sections Of the Internal Revenue Code. And then says compensation shall include payments For unused sick, vacation, longevity payments, Bonus payments, and merit increases. And that's not represented to be an exhaustive list. There's a whole list of things That is compensation under this act. And the judge considered that. Looks like my time is about up. I'll be glad to try to answer any other questions. I would just ask you on behalf of these folks, It's been a long journey for them. I was thinking about this this morning And I was thinking about They filed this lawsuit I think in 2018 maybe. They got to the eve of trial. They actually started the trial. And in the words of Dr. King from the Birmingham jail, Justice too long delayed is justice denied. And that's basically what we're going to have here If this thing carries on. One of them has already retired And the other one had agreed to retire long ago And is still working Because he doesn't want to step out. It's time for this to be over So I ask you to affirm. Thank you very much, Mr. Hanson. Good to have you with us. Mr. Somme. Thank you, your honors. I believe that Judge Richardson's questions Do identify a larger problem with subject matter jurisdiction For Judge Conrad's orders And I would just point the court to the joint appendix, page 436, Which is towards the end of that ruling. And Judge Conrad does order the city to pay the funds As pension eligible wages. That is determined by the act And ultimately that conclusion would have to be made By the pension system itself. So I tend to agree that Judge Conrad's order Is purporting to bind an entity That was not before him at that point in time. What's that got to do with what we were asked to do? It would mean a reason to reverse his order On the basis of ripeness and lack of subject matter jurisdiction. That issue wasn't before him. It's not really subject matter jurisdiction. We plainly have jurisdiction Over the enforcement of the agreement. Correct. Right? And so we could say, the agreement says You write a check to Smith Pfeiffer For $73,000.12. Right? And so if you haven't done that Then we can, and Judge Conrad can force you to do that. Correct. So there's not a subject matter jurisdiction question. The question is whether In such an action To enforce the agreement We can require a third party To comply with an act. That is not a subject matter jurisdiction question. We have jurisdiction over the case. But it's just beyond the appropriate remedy In a case that is not sued on the act And does not involve the party that's governed by the act. Agreed, Your Honor. And to use an analogy that I think you referenced It would be as though the parties agreed to A payment that's tax-free, in their words And the district court couldn't then enter an order Binding the IRS to that sort of Interpretation of the payment. A second point I wanted to address Is Judge King's questioning About the fact that these parties came to the court And represented that they had settled this case. And I agree that the judicial system Can and should rely on what Attorneys tell them about settlement. It has to rely on it. I practiced law for a long time. I've been in a lot of civil cases. I was in a lot of civil cases. And I've been a judge for a while. And I've always Relied on what lawyers tell me As being the gospel. Understood. Maybe not always the gospel. But here too, I rely on what Comes from that Where you stand. And I've been able to. We have to be able to. And in that vein, your honor, I would still point you to the Hensley case Which was mentioned a couple of times Because in that case, the district court Actually held a settlement conference And sat down with the parties in a room together And they all agreed, we've come to a settlement. Then just a few days later I understand all that. I wrote that opinion And in all respect Whether to conduct a hearing or not Is in the discretion of a judge. The presiding judge. That's correct, your honor. And if the presiding judge doesn't need a hearing He doesn't conduct a hearing. So you can't say that that mandates a hearing. It may mandate, gives you an absolute right To ask for a hearing And request a hearing And argue that you need a hearing But it's up to the judge To decide whether to conduct a hearing in his court On any matter. And we decide cases here 90% of the cases we decide in this court We decide without oral argument. We don't have a hearing. And what we contend on that point, your honor Is that Judge Conrad did abuse his discretion In not holding a hearing under Hensley. That's right, it's an abuse of discretion. That's correct, your honor. And if Judge Conrad abused his discretion We should recognize that and tell him to have a hearing. That's correct, your honor. A hearing is absolutely entitled to argument. And we contend that this case Is very much like the Hensley case Where the parties had an oral settlement And I'm especially thinking about the Patterson matter Which of course is based on Just this email correspondence alone. And the parties quickly disputed Whether there was an agreement at all in that case Which necessitated a hearing to determine Whether there was an intent to enter an agreement. Likewise, the Milner case from 1981 There was an issue that quickly arose Over the authority of counsel. And the court there sent a case back for a hearing Because they needed to gather evidence About whether counsel actually had authority To accept a settlement in that case. And for that reason we think that The issues around not just the agreement with Patterson But for both of these agreements The term, whether there was a promise To pay pension eligible wages Which has various other issues we've discussed But just that basic issue of whether that promise Was included in either agreement We contend required a hearing. I see that my time is up, Your Honor. Thank you very much, sir. We appreciate it. We appreciate the arguments And submissions of all the lawyers. We appreciate your good work. We welcome you back. Thank you, ma'am. Next court session. We'll come down and greet counsel And the clerk may adjourn court Until I think 2.30 this afternoon. This honorable court stands adjourned until this afternoon. God save the United States and this honorable court.
judges: Robert B. King, Julius N. Richardson, Gina M. Groh